# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BISHOP,<br><br>        Plaintiff,<br><br>   v.<br><br>SALCEDO, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00714-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 11, 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Background**

Plaintiff Robert Bishop ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On December 28, 2018, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Cross, Salcedo, Perez, and Nyugen, but failed to state any other cognizable claims. The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claims. (ECF No. 11.) On January 28, 2019, Plaintiff notified the Court of his willingness to proceed on the cognizable claims identified by the Court. (ECF No. 13.)

///
///

1

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**III.    Allegations in Complaint**

Plaintiff is currently housed at Kern Valley State Prison in Delano, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison, Corcoran ("Corcoran") in Corcoran, California. Plaintiff asserts two claims for deliberate indifference to serious medical needs in violation of the Eighth Amendment against the following defendants: (1) Officer F. Salcedo; (2) Officer A. Perez; (3) Sergeant J. Doe; (4) Registered Nurse Cross; and (5) Dr. Nyugen.

///
///

Claim 1

Plaintiff alleges that he was transferred to Corcoran on December 15, 2016. Upon Plaintiff's arrival, Sergeant J. Doe confiscated his authorized medical device, a wrist brace. Plaintiff advised Defendant Doe that it was an authorized medical device which could only be taken away by a doctor and without it Plaintiff would be in severe pain. Defendant Doe replied, "I don't care, it's not allowed here." (ECF No. 1 at 5.)

Plaintiff was then escorted to medical screening. He was seen by Defendant Cross, who was given Plaintiff's medical device by Defendant Doe and made to sign a receipt. Plaintiff explained to Defendant Cross that he needed his medical device, that he had wrist surgery and without it he would be in severe pain, and that his device could not be taken from him except by a doctor. Defendant Cross refused to return Plaintiff's brace and had him taken from the office.

Plaintiff was then housed in a cell. Plaintiff immediately and repeatedly advised Defendants Salcedo and Perez, who were building staff, that he was in severe pain and needed his prescribed medical device. Defendant Salcedo refused to return his medical device. Defendant Perez informed Plaintiff that he had Plaintiff's brace but was not going to return it.

Plaintiff was seen by Defendant Nyugen and explained that he needed his prescribed medical device, which was being denied and that he was in severe pain. Defendant Nyugen offered no assistance and only stated that when Plaintiff got his property (which would take approximately 45 days) to return with the medical chronos. Defendant Nyugen did not revoke Plaintiff's ability to possess the medical device. Instead, he refused to have it issued to Plaintiff.

Plaintiff asserts that he was denied his authorized and prescribed medical device for his entire duration at Corcoran and only had the device returned on the day of his transfer. Plaintiff further asserts that he was made to suffer severe, excruciating pain every day for approximately 45 days, and he continued to suffer pain more than 12 months later due to being denied the prescribed medical device.

Claim II

Plaintiff alleges that at the time he was transferred to Corcoran on December 15, 2016, he was received wearing waist chain restraints that were ordered by a doctor due to Plaintiff's recent

3

surgery and ongoing nerve pain. On December 30, 2016, Defendant Salcedo refused to waist chain Plaintiff and instead forced him to submit to behind-the-back handcuffs. Plaintiff repeatedly advised Defendants Salcedo and Perez that he had a waist chain chrono, that it was documented in his medical file, he had been waist chained for the previous two weeks with no problems and he could not be cuffed behind the back because it caused severe excruciating and burning pain. Defendants Salcedo and Perez said that they did not care and that Plaintiff had to cuff up behind his back. This happened every time Plaintiff needed to leave his cell to go the yard, medical, law library, shower, etc.

Plaintiff was seen by Defendant Nyugen and Plaintiff explained that he had a waist chain chrono, but was being forced to cuff behind the back. Defendant Nyugen refused to check Plaintiff's medical file to stop this from happening and told Plaintiff to bring a copy of the chrono to him when Plaintiff was issued his property.

Plaintiff asserts that he was forced to cuff up behind his back almost daily for nearly one month because these defendants denied him access to his property, which contained his medical chronos, and for failing to properly investigate Plaintiff's medical file. Plaintiff alleges that he was forced to suffer severe and excruciating pain in his left wrist from being cuffed behind his back.

Plaintiff seeks declaratory relief, along with compensatory and punitive damages.

**IV. Discussion**

    **A. Eighth Amendment**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further

4

significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

At the pleading stage, the Court finds that Plaintiff's complaint states a cognizable claim against Defendants Cross, Salcedo, Perez and Nyugen regarding the denial of his wrist brace while he was housed at Corcoran. However, Plaintiff's complaint fails to state a cognizable claim for deliberate indifference to serious medical needs against Defendant Doe. At best, Plaintiff's complaint alleges that Defendant Doe initially confiscated Plaintiff's wrist brace, but provided it, apparently on the same day, to Defendant Cross during Plaintiff's medical screening. Based on these allegations, Defendant Doe cannot be said to have exhibited deliberate indifference to Plaintiff's medical needs by apparently escorting him to medical and providing the brace to a nurse.

Further, the Court finds that Plaintiff's complaint also does not state a cognizable claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment related to the failure to use waist chains by any defendant. There is no indication that defendants knew that Plaintiff had a serious medical need for a waist chain, that he had such a chrono or that they knew the use of behind-the-back handcuffs would result in any injury or pain. Indeed, Plaintiff's allegations do not suggest that he informed Defendants Salcedo or Perez that he was experiencing any pain or injury when leaving his cell or during escorts, nor did Plaintiff express any complaints

of pain or injury to Defendant Nyugen regarding use of handcuffs. Plaintiff's allegations do not foreclose a claim for excessive force in violation of the Eighth Amendment against Defendants Salcedo and Perez. The Court therefore provides the following legal standard.

"The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." Hudson, 503 U.S. at 8 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. Wilkins v. Gaddy, 559 U.S. 34, 37 (2010). However, "not 'every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at 37 (quoting Hudson, 503 U.S. at 9). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." Whitley, 475 U.S. at 321; Marquez v. Gutierrez, 322 F.3d 689, 692 (9th Cir. 2003).

As currently pled, Plaintiff's complaint does not state a cognizable excessive force claim regarding the use of waist chains. There is no indication from the allegations that any defendant used force maliciously and sadistically to cause harm. Instead, Plaintiff's allegations suggest that handcuffs were applied to maintain discipline.

**B.     Declaratory Relief**

In addition to damages, Plaintiff seeks a declaration that his rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Vill., 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, the verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

///

**V.     Conclusion and Recommendation**

Plaintiff's complaint states a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Defendants Cross, Salcedo, Perez, and Nyugen, but fails to state any other cognizable claims against any other defendants.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed May 25, 2018, (ECF No. 1), against Defendants Cross, Salcedo, Perez, and Nyugen for deliberate indifference to serious medical needs in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 29, 2019**            /s/ Barbara A. McAuliffe            
                                                              UNITED STATES MAGISTRATE JUDGE